# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 9 - 2004
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND )
)
Plaintiff ) CIVIL ACTION NO. 03-2405 (RJL)
v. )
)
FENESTRATION ARCHITECTURAL PRODUCTS, LLC )
)
Defendant )

**ORDER AND SUPPLEMENTAL JUDGMENT**

Upon consideration of the Motion for Entry of Supplemental Judgment of the Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff") and in accordance with the Order and Judgment by Default entered March 31, 2004 ("Judgment" or "Order"), it is ORDERED:

1. Supplemental Judgment is entered in favor of the Pension Fund and against Defendant, Fenestration Architectural Products, LLC ("Company" or "Defendant"), in the total amount of $74,887.91. This amount includes the following:

(a) Delinquent contributions for the period June 2003 through October 2003 and January 2004 through May 2004 in the amount of $58,940.29 pursuant to 29 U.S.C. §§185(a) and 1182(g)(2).

(b) Liquidated damages on the amount indicated in ¶1(a) in the amount of $11,788.06.

(c) Interest to July 15, 2004 in the amount of $2,113.54 based upon the amounts referred to in ¶1(a) and on other previously unpaid contributions set forth in the Court's Default

137742-1

(N)

25385.21

Order and Judgment of March 31, 2004, calculated in accordance with 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621. The contribution amount set forth in ¶1(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment;

(d) Attorneys' fees and costs in the amount of $1,996.02 incurred by the Pension Fund from January 30, 2004 through July 15, 2004 in connection with the enforcement of the Order; and

(e) Returned check fees in the amount of $50.00.

2. Plaintiff is entitled to reimbursement of all additional attorneys' fees and costs it incurs in the enforcement and collection of this judgment. If further action by Plaintiff to enforce and collect this judgment is required, Plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶1(d) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989).

3. Defendant, its owners, officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with required contributions for all periods for which Defendant is obligated to do so under its collective bargaining agreement(s) requiring contributions to Plaintiff.

4. Within twenty (20) days of the entry of this Order, Defendant shall fully and accurately complete and submit to the Plaintiff any and all then outstanding remittance reports with all required information including the name and social security number of each employee,

the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

5. The Pension Fund shall have the right to conduct an audit of books and records of the Defendant. Within forty-eight (48) hours of a request by the Pension Fund or his designated representative, Defendant shall make available to the Pension Fund or his designated representative all payroll books and records necessary for Plaintiff to ascertain the precise amount of delinquent contributions due and owing for all relevant periods. Defendant, its owners, officers, agents, servants, employees and all persons acting on Defendant's behalf or in conjunction with Defendant, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Defendant shall pay to the Pension Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and International Painters and Allied Trades Industry Pension Plan adopted by the Pension Fund's trustees, ERISA and applicable law

6. If Defendant fails to comply with any of the terms of this Order, Plaintiff may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

7. The Clerk of the Court may immediately certify this Order and Supplemental Judgment for transfer upon the request of Plaintiff and payment of any required fee.

Date: 12/16/04

RICHARD J. LEON, J.
United States District Judge

Copies to:

Sanford G. Rosenthal, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106
(215) 922-3524 (fax)

Eric B. Meyer, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106
(215) 922-3524 (fax)

Fenestration Architectural Products, LLC
5 Eastern Avenue
East Providence, RI 02914-2107